FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 FEB 14 PM 2: 21

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIAM WALTER MCCULLEY, )
on behalf of himself and all others )
similarly situated, )
 )
    Plaintiff, )
 )
v. ) Civil Action Number:
 ) **COMPLAINT – CLASS ACTION**
GENERAL MANUFACTURED )
HOUSING, INC., )
RFE INVESTMENT PARTNERS V, L.P., ) **CV507-020**
d/b/a RFE INVESTMENT PARTNERS )
and ORCHARD FIRST SOURCE )
CAPITAL, INC. )
 )
    Defendants. )

## COMPLAINT

NOW COMES WILLIAM WALTER MCCULLEY, on behalf of himself and all others similarly situated, and files this Complaint against Defendants GENERAL MANUFACTURED HOUSING, INC. ("GMH"), RFE INVESTMENT PARTNERS V, L.P. d/b/a RFE INVESTMENT PARTNERS ("RFE") and ORCHARD FIRST SOURCE CAPITAL, INC. ("ORCHARD"), showing this Court as follows:

*Introduction*

1.

On or about January 30, 2007, Defendants shut down the GMH manufacturing facility in Waycross, Georgia, abruptly firing approximately 200 employees without warning.

2.

In doing so, Defendants failed to provide any of the notices required by the Workers Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101, *et seq.*

3.

By failing to provide the notification required by the WARN Act, Defendants are liable to Plaintiff for damages.

### *Jurisdiction And Venue*

4.

Plaintiff WILLIAM WALTER MCCULLEY is a resident of Ware County, Georgia.

5.

Defendant GENERAL MANUFACTURED HOUSING, INC. is a Georgia corporation with its registered agent named as Neal Connor, Esq., who is located at 1008 Plant Ave., Waycross, Georgia, 31501. It may be served with process at that address.

6.

Defendant RFE INVESTMENT PARTNERS V, L.P., d/b/a RFE INVESTMENT PARTNERS is a Delaware limited partnership with its registered agent named as Delaware Corporation Organizers, Inc., which is located at 1201 North Market St., P.O. Box 1347, Wilmington, DE, 19801. It may be served with process at that address.

7.

Defendant ORCHARD FIRST SOURCE CAPITAL, INC. is a Delaware corporation with its registered agent named as Corporation Trust Center, which is located at 1209 Orange Street, Wilmington, DE, 19801. It may be served with process at that address.

8.

Jurisdiction is proper in this Court pursuant to 29 U.S.C. § 2104 (WARN Act Jurisdiction) and 28 U.S.C. § 1331 (federal question).

9.

Venue is proper in this Court as Defendant GMH resides within Ware County, Georgia, which is located within the Waycross Division of this Court.

*Allegations*

10.

GMH produces a wide variety of multi-section and singlewide homes from multiple facilities strategically located in and around Waycross, Georgia. Its main operating facility is located at 2255 Industrial Boulevard, Waycross, in Ware County, Georgia.

11.

On or about January 30, 2007, Arthur M. Granda, the President & Chief Executive Officer of GMH, announced to all employees that GMH was immediately shutting-down production. Employees were left to find other employment. No previous notice of the plant closing was provided to employees.

12.

GMH issued final paychecks to non-exempt employees for time worked through January 26, 2007 and to exempt employees for the pay period ending February 2, 2007, but employees received no other compensation at the time of the plant closing, nor have they received any compensation since the plant closing.

13.

Upon information and belief, GMH is owned and operated by RFE INVESTMENT PARTNERS V, L.P. d/b/a RFE INVESTMENT PARTNERS.

14.

Upon information and belief, as of the date of the plant closing on January 30, 2007, GMH did not have a board of directors but was instead governed by RFE's board of directors and RFE exercised control over the internal business operations and affairs of GMH. RFE's control over GMH's operations is exemplified by Edward Truslow, who is GMH's Secretary but also serves on the Board of Directors of RFE.

15.

Upon information and belief, at the time of the plant closing on January 30, 2007, GMH operated through a revolving line of credit administered by ORCHARD. ORCHARD controlled the funds available to GMH by expanding or constricting the line of credit and retained control of GMH's accounts receivable. Through this arrangement, ORCHARD had influence over GMH's internal business operations and affairs and was, along with RFE, a de facto employer of GMH's employees.

16.

Upon information and belief, ORCHARD contacted Arthur M. Granda, the President & Chief Executive Officer of GMH, on or about January 29, 2007 and informed him that ORCHARD would not make any more funds available to GMH. ORCHARD knew that it was GMH's principal source of working capital and that its decision to cut off funds to GMH would effectively shut down the company.

17.

At the time of the plant closing, Plaintiff WILLIAM WALTER MCCULLEY was a full-time employee of GMH.

## Class Action Allegations

18.

At the time of the plant closing on January 30, 2007 and earlier, GMH had approximately 200 exempt and non-exempt employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime, and thus Defendants are an "employer" within the meaning of 29 U.S.C. § 2101(a)(1).

19.

On or about January 30, 2007, Plaintiff and those similarly situated were discharged without cause on their part by Defendants through a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2).

20.

The Plaintiff and those similarly situated are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

21.

Defendants were required by Section 2102 of the WARN Act to give the Plaintiff, and those similarly situated, at least 60 days prior written notice of the plant closing and the termination of their employment.

22.

Prior to their terminations, the Plaintiff and those similarly situated did not receive any written notice from the Defendants that complied with the requirements of the WARN Act.

23.

Defendants failed to pay the Plaintiff and those similarly situated their respective wages, bonuses, commissions, vacation pay, sick pay, and any other compensation earned or that should have been earned for work performed or that should have been performed for Defendants by Plaintiff and those similarly situated for 60 days following their termination.

24.

Defendants failed to pay non-exempt employees for work performed on January 29, 2007 and January 30, 2007.

25.

Defendants failed to make benefits payments or contributions under plans governed by the Employee Retirement Income Security Act ("ERISA") in respect to Plaintiff and those similarly situated which would have been provided to Plaintiff and those similarly situated for a period of 60 days after the date of their termination.

26.

As a result of Defendants' violation of the WARN Act, the Plaintiff and those similarly situated have been damaged in amounts equal to the sum of: (a) their respective wages, bonuses, commissions, vacation pay, sick pay, and any other compensation that could have been earned for work performed on behalf of Defendants in the 60 days following their termination; (b) payments or contributions under benefit plans governed by ERISA that they would have received or had the benefit of receiving for a period of 60 days after the date of their termination; and (c) medical

expenses incurred during such period by such persons that would have been covered and paid under Defendants' employee benefit plans had that coverage continued for that period, among other damages.

27.

Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, a class action is appropriate as (a) the class of approximately 200 affected exempt and non-exempt employees is so numerous that joinder of all members is impractical; (b) there are questions of law or fact common to the class, such as whether Defendants were all "employers" for purposes of the WARN Act and whether advance written notice of the plant closing was provided to employees; (c) the Plaintiff's claim is typical of the claims of the class as he and all other members of the class did not receive the notice required by the WARN Act and did not receive compensation for the 60 day notice period required by the WARN Act; and (d) the Plaintiff is a former full-time employee of Defendants who has suffered damages equivalent to other employees and who will fairly and adequately protect the interests of the class.

28.

In addition, questions of law or fact common to the members of the class, such as whether Defendants were "employers" for purposes of the WARN Act and whether advance written notice of the plant closing was provided to employees, predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, thus making a class action appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3).

29.

Counsel for Plaintiff and those he seeks to represent are experienced in employment law litigation involving multiple parties and will capably and adequately represent the interests of Plaintiff and the class.

WHEREFORE, the Plaintiff, and those similarly situated persons whom he seeks to represent, demand judgment against Defendants as follows:

A. A judgment in favor of Plaintiff, and those similarly situated, equal to the sum of:

(i) their respective wages, bonuses, commissions, vacation pay, sick pay, and any other compensation that could have been earned for work performed on behalf of Defendants in the 60 days following their termination and any other unpaid compensation for work performed; and

(ii) payments or contributions under benefit plans governed by ERISA that they would have received or had the benefit of receiving for a period of 60 days after the date of their termination; and

(iii) medical expenses incurred during such period by such persons that would have been covered and paid under Defendants' employee benefit plans had that coverage continued for that period; and

B. Interest on such sums as allowed by law; and

C. Attorneys' fees and the costs and disbursements incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

D. Any other and further damages or relief allowed by the WARN Act and other applicable law.

P.O. Box 9848  
200 East St. Julian Street  
Savannah, GA 31412-0048  
(912) 236-0261 (telephone)  
(912) 236-4936 (fax)

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

_____  
Shawn A. Kachmar  
Georgia Bar Number 405723

_____  
Chris Smith  
Georgia Bar Number 655370

1601 Reynolds Street  
Brunswick, GA 31520  
(912) 265-4000 (telephone)  
(912) 265-3757 (fax)  
681572-05

LAW OFFICE OF BRAD S. MCLELLAND, P.C.  
Brad S. McLelland  
Georgia Bar Number 496898